IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOEWE S.A., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | No. 20-cv-07185 <br> Judge Franklin U. Valderrama |

### ORDER

Plaintiff Loewe, S.A. alleges claims of trademark infringement, trademark counterfeiting, and false designation of origin against The Partnerships and Unincorporated Associations Identified on Schedule "A" (collectively, the "Defendants"). Plaintiff's pending *ex parte* motion for entry of a temporary restraining order, including a temporary injunction, a temporary transfer of domain names, a temporary asset restraint, and expedited discovery (R. 10) and pending motion for electronic service of process (R. 16) are granted by a separate order entered concurrently.

### Statement

In this Order, the Court addresses the issue of joinder. Plaintiff identifies 169 defendants, e-commerce stores operating under seller aliases ('Seller Aliases"), on Schedule A. R. 2. The Court *sua sponte* raised the question of whether joining all "Schedule A" Defendants in this same suit is proper under Federal Rule of Civil Procedure 20. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that the district court should have questioned the plaintiff's joinder of 24 defendants in a single suit). The Court is aware that some judges in this District have raised concerns regarding joinder in these types of counterfeiting cases brought against large numbers of online defendants.[1] Per the Court's request (R. 9), Plaintiff submitted a memorandum in support of its position that joinder is proper in this case (R. 22).

---

[1]*See Estée Lauder Cosmetics Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182 (N.D. Ill. 2020) (Chang, J.) (finding that the joinder of 79 online defendants in a trademark infringement case was improper and granting leave for plaintiffs to file an amended complaint narrowing the claims down to a subset of defendants that were

Having reviewed and considered Plaintiff's Complaint and Memorandum Establishing that Joinder is Proper, the Court finds that although Plaintiff has not sufficiently demonstrated that the asserted claims arise out of the same transaction or series of transactions, Plaintiff has sufficiently demonstrated that they arise out of the same occurrence or series of occurrences. Therefore, joinder of the "Schedule A" Defendants is proper at this preliminary stage. FED. R. CIV. P. 20(a)(2)(A). The Court additionally notes that no Defendants are prejudiced by permitting joinder at this juncture. *See Bose Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A",* 334 F.R.D. 511, 517 (N.D. Ill. 2020) (Durkin, J.) (noting that no defendants were prejudiced in permitting joinder of 17 internet alias defendants, because no defendant had appeared, and the default judgment process would likely determine the case's outcome). To the extent any defendant appears and objects to joinder, the Court will revisit the issue and is free to sever certain defendants from the case under Rule 21 at that time.[2]

Date: 12/18/2020

*(signature)*
United States District Judge
Franklin U. Valderrama

---

properly joined); *Estée Lauder Cosmetics Ltd., et al. v. The Partnerships, et al.*, Dkt. No. 40, No. 20-cv-00845 (N.D. Ill. Jun. 22, 2020) (Lee, J.) (finding that the plaintiffs failed to meet their burden in showing that joinder of all 75 online defendants in a trademark infringement case was proper).

[2] The Court rules on whether joinder is proper on a case-by-case basis, and as such, this ruling is not dispositive of the propriety of joinder in a different case before the Court.